Citation Nr: 1761211 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 11-18 275 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to an increased rating for postoperative residuals of a total right knee replacement evaluated as 30 percent disabling since January 1, 2017.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Paul Bametzreider, Associate Counsel

INTRODUCTION

The Veteran served on active duty from July 1981 to August 1985. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a December 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.
 
The Veteran testified in April 2016 before the undersigned. A transcript of the hearing is associated with the claims file. 

On November 4, 2015 the Veteran underwent a right total knee replacement. In December 2015, in accordance with 38 C.F.R. §§ 4.30 and 4.71a, VA assigned a 100 percent rating from November 4, 2015 and a 30 percent rating from January 1, 2017. 38 C.F.R. §§ 4.30, 4.71a (2017).

In its May 2017 decision, the Board denied entitlement to an evaluation in excess of 20 percent for right knee injury residuals, status-post medial meniscectomy, prior to November 4, 2015, but granted entitlement to a separate 10 percent rating for right knee arthritis with limitation of motion for that period. The Board remanded the issue of entitlement to an increased rating for postoperative residuals of a total right knee replacement evaluated as 30 percent disabling since January 1, 2017 for evidentiary development. That issue has now been returned to the Board for further appellate action. 


FINDING OF FACT

Since January 1, 2017, the Veteran's postoperative residuals of a total right knee replacement have not been manifested by chronic residuals consisting of severe painful motion or weakness in the affected extremity, ankylosis, extension limited to 30 degrees or more, or by nonunion of the tibia and fibula, with loose motion requiring a brace.

CONCLUSION OF LAW

Since January 1, 2017, the criteria for a rating greater than 30 percent for the postoperative residuals of a total right knee replacement have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 4.1, 4.7, 4.14, 4.40, 4.59, 4.71a, Diagnostic Codes 5003, 5055, 5256, 5261, 5262 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2017).

The Veteran asserts that postoperative residuals of a total right knee replacement are more severe than represented by the 30 percent rating assigned since January 2017. The Veteran was awarded service connection for a right knee disorder in June 1987, rated 10 percent disabling effective August 19, 1985. The Veteran submitted a claim for an increased rating on August 29, 2007. That claim was denied and the Veteran appealed. 

Disability evaluations are determined by the application of the VA's Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4 (2017). The percentage ratings in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

Where an increase in the level of a service-connected disability is at issue, the primary concern is the present level of disability. Francisco v. Brown, 7 Vet. App. 55 (1999). Nevertheless, separate ratings can be assigned for separate periods of time based on the facts found, a practice known as "staged" ratings. See Fenderson v. West, 12 Vet. App. 119, 126 (1999). The analysis is therefore undertaken with consideration of the possibility that different ratings may be warranted for different time periods within the period on appeal. 

Where there is a question as to which of the two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Disability of the musculoskeletal system is primarily the inability, due to damage or infection in parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. It is essential that the examination on which ratings are based adequately portrays the anatomical damage, and the functional loss, with respect to these elements. In addition, functional loss may be due to pain, supported by adequate pathology and evidenced by the visible behavior of the veteran undertaking the motion. Weakness is as important as limitation of motion, and a part which becomes painful on use must be regarded as seriously disabled. 38 C.F.R. § 4.40. 

The intent of the schedule is to recognize painful motion with joint or periarticular pathology as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. 38 C.F.R. § 4.59.

The Veteran's postoperative residuals of a total right knee replacement are specifically contemplated by Diagnostic Code 5055 relating to prosthetic replacement of the knee joint. 38 C.F.R. § 4.71a. Under Diagnostic Code 5055, a 30 percent rating is the minimum possible rating assignable. Id. A 60 percent rating is warranted for a total knee replacement with chronic residuals consisting of severe painful motion or weakness in the affected extremity. Id.

Intermediate degrees of residual weakness, pain, or limitation of motion (i.e. a level of disability in between those contemplated by the 30 and 60 percent ratings) are to be rated by analogy to Diagnostic Codes 5256, 5261, or 5262. 38 C.F.R. § 4.71a. 

Under Diagnostic Code 5256, a rating of 40 percent is warranted for ankylosis in flexion between 10 degrees and 20 degrees. Id. 

Under Diagnostic Code 5261, a 40 percent rating is warranted for extension limited to 30 degrees. Id. 

Lastly, under Diagnostic Code 5262 a 40 percent rating is warranted for nonunion of the tibia and fibula, with loose motion requiring a brace. Id. 

The Veteran was provided a VA examination with regard to the severity of his right knee disability in August 2017. The appellant reported that knee pain, and that the joint was stiff all the time. He described difficulties negotiating inclines, and that his right leg sometimes dragged. Physical examination revealed a range of motion from extension to zero degrees and flexion to 120 degrees. On weight bearing, the Veteran exhibited right knee extension from zero to 115 degrees, and flexion from 115 to zero degrees. There was no additional functional loss of motion on passive motion or after repetitive motion. The examiner noted stiffness throughout the range of motion, but not pain, and there was no pain reported on weight-bearing. 

Regarding flare-ups the Veteran reported that standing for long periods caused pain and stiffness, and being "constantly on his feet for an hour and a half" caused stiffness. The examiner reported that pain and weakness would significantly limit functional ability with repeated use over a period of time. The examiner reported no history of subluxation, lateral instability or recurrent effusion. Stability testing was normal except for zero to 5 millimeters of right lateral instability. The examiner noted that the Veteran did suffer from a meniscal condition without associated symptoms. The examiner noted that the appellant did not use any assistive devices for his knee. With regard to the functional impact of the right knee disability, the examiner reported that while driving the Veteran needed to stop every two hours "to loosen (the joint) up." The right knee reportedly impeded the Veteran's ability to go to the woods and to hunt, and the appellant could not crawl or kneel on the right knee. The examiner stated that the Veteran would not be recommended to engage in work requiring prolonged standing and walking, crawling, or kneeling on the right knee. 

Private treatment records documented the Veteran's care following his total right knee replacement in November 2015. Concerning the period since January 1, 2017, in March 2017 the Veteran again reported "0/10" pain. The record noted that the Veteran experienced increased right knee pain for a few weeks after a fall from a trailer, but that such increase had subsided. Range of knee motion was reported from zero to 120 degrees. 

Based on the foregoing evidence, the Board finds that for the period on appeal the Veteran's postoperative residuals of a total right knee replacement have not approximated the criteria for a rating higher than 30 percent since January 1, 2017. The evidence preponderates against finding that the right knee disability has been manifested by chronic severe painful motion or weakness. On the contrary, the pertinent medical evidence indicates that the Veteran's right knee pain improved following his surgery, and as recently as March 2017 the Veteran reported no right knee pain. As well, the August 2017 examiner reported right knee pain only with standing for long periods and with prolonged use. While the examiner reported that pain and weakness would "significantly limit functional ability with repeated use over a period of time," the medical evidence in totality does not indicate that such symptoms are "severe" in that right knee pain has generally been characterized as mild or absent, and neither the Veteran nor the medical evidence has specifically described severe functional impairment resulting from any right knee weakness. The Board finds that the Veteran's symptoms of right knee weakness and pain on flare-ups and after prolonged use more nearly approximate "intermittent" symptoms which are stipulated to warrant a rating of 30 percent, or a rating based on analogy to Diagnostic Codes 5256, 5261 or 5262. 38 C.F.R. § 4.71a. 

The evidence also preponderates against finding that the Veteran's right knee disability has been manifested by symptoms analogous to the criteria for a higher rating under Diagnostic Codes 5256, 5261 or 5262. Id. With regard to limitation of motion, no evidence relevant to the appeal period indicates right knee limitation of extension to 30 degrees or more. On the contrary, the most severe limitation of right knee extension was noted at the August 2017 VA examination where 115 degrees of extension were reported with weight-bearing. While there is evidence that the Veteran experiences increased pain and weakness on flare-ups, there is no medical evidence to support that such pain and weakness would limit knee extension to 30 degrees or more. 

There is no medical evidence of nonunion of the tibia and fibula. While the Veteran reported use of a knee brace in the past, for the pertinent period since January 1, 2017, the record does not document use of a knee brace. Concerning instability, the August 2017 VA examiner noted lateral instability of zero to five millimeters only, and there is no indication that such instability was related to nonunion of the tibia and fibula. Finally, the record reveals no evidence of ankylosis. 

With regard to the Veteran's lay testimony of record, the Board observes that his statements and Board hearing testimony have primarily pertained to the severity of his symptoms prior to the period considered herein. Nonetheless, the Board acknowledges that the Veteran is competent to describe certain observed and experienced symptomatology such as pain when made in support of a claim of entitlement to a higher rating, Layno v. Brown, 6 Vet. App. 465, 469-71 (1994). The claimant's lay statements, however, are not entitled to more weight than the objective findings rendered by trained medical professionals. See 38 C.F.R. § 3.159; Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). While the Board has considered the Veteran's contentions, he is not competent to establish, on the basis of his own lay assertions, that his disability warrants a specific rating.

Finally, the Board notes that in its May 2017 decision a separate 10 percent rating was awarded based on the presence of arthritis in the right knee joint and noncompensable limitation of motion of that joint prior to November 4, 2015. See 38 C.F.R. § 4.71a, Diagnostic Code 5003. However, such a separate rating is not for application here, as the Veteran's current 30 percent rating under Diagnostic Code 5055 assigned since January 1, 2017, expressly contemplates residual weakness, pain or limitation of motion. 38 C.F.R. § 4.71a. Thus, a separate rating under this code would constitute impermissible pyramiding. 38 C.F.R. § 4.14.

Based on the foregoing, the evidence preponderates against finding that the Veteran's postoperative residuals of a total right knee replacement more nearly approximate the criteria for a rating higher than 30 percent at any time since January 1, 2017. 

The appeal is denied.


ORDER

Entitlement to an increased rating for postoperative residuals of a total right knee replacement evaluated as 30 percent disabling since January 1, 2017 is denied.




____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs